UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO, BY THEIR
TRUSTEES JAMES T. CALLAHAN, THOMAS A.
CALLAHAN, MICHAEL SALGO and DENISE M.
RICHARDSON, CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS,
BY ITS CHIEF EXECUTIVE OFFICER MICHAEL A.
CRABTREE, and INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY
ITS PRESIDENT & BUSINESS MANAGER THOMAS
A. CALLAHAN,

**COMPLAINT**

CV-19-981

Plaintiffs,

-against-

REDDAN LAYOUT INC.,

Defendant.

————————————————————————X

Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15 TRUST FUNDS"),

CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS ("CPF") and INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15"), by their attorneys, BRADY McGUIRE

& STEINBERG, P.C., for their Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel

an audit of the Defendant's payroll records and to recover annuity, pension, welfare and skill improvement/training contributions along with supplemental union dues and political action committee payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement.

## JURISDICTION & VENUE

2.    The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.    Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, Plaintiffs are administered from offices located at 44-40 11th Street, Long Island City, County of Queens, State of New York.

## THE PARTIES

4.    Plaintiffs LOCAL 15 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5.    JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL SALGO and DENISE M. RICHARDSON are Trustees of Plaintiffs LOCAL 15 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.    The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7.    The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of

ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical, medical reimbursement, vacation and skill improvement/training benefits to eligible participants.

8.      Plaintiff LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.      Plaintiff CPF is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186 which maintains its principal place of business at 4115 Chesapeake Street, N.W. in Washington, DC.

10.     MICHAEL A. CRABTREE is the Chief Executive Officer of Plaintiff CPF and is a "fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

11.     Plaintiff CPF is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

12.     Plaintiff CPF constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

13.     Plaintiff LOCAL 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152.

14.     THOMAS A. CALLAHAN is the President & Business Manager of Plaintiff LOCAL 15.

15.     Upon information and belief, Defendant REDDAN LAYOUT INC. ("REDDAN LAYOUT") was and still is a New York corporation with its principal place of business at 2 Brook Run Drive, Medford, New York.

16.     Upon information and belief, Defendant REDDAN LAYOUT was and still is a foreign corporation duly licensed to do business in the State of New York.

17.     Upon information and belief, Defendant REDDAN LAYOUT was and still is a foreign corporation doing business in the State of New York.

18.     Upon information and belief, Defendant REDDAN LAYOUT is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

19.     At all times relevant hereto, Plaintiff LOCAL 15 and Defendant REDDAN LAYOUT have been parties to a collective bargaining agreement and Defendant REDDAN LAYOUT agreed to be bound to the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

20.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant REDDAN LAYOUT is obligated to remit, at specified rates, annuity, pension, welfare and skill improvement/training contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF based upon each straight and overtime hour of worked performed by those employees covered by the Collective Bargaining Agreement.

21.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant REDDAN LAYOUT is obligated to remit, at specified rates, employee allocated supplemental union dues and political action committee payments to Plaintiff LOCAL 15 based upon each straight and overtime hour of work performed by those employees covered by the Collective Bargaining Agreement.

22.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant REDDAN LAYOUT is obligated to make its books and records available to the designated representative of Plaintiffs in order to determine if the proper amount in annuity, pension,

welfare and skill improvement/training contributions along with supplemental union dues and

political action committee payments have been made to Plaintiffs as required by the Collective

Bargaining Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (AUDIT DEMAND PURSUANT TO ERISA, TRUST
### AGREEMENTS & COLLECTIVE BARGAINING AGREEMENT)

23.     Plaintiffs repeat and reallege each and every paragraph of the Complaint

numbered 1 through 22 inclusive with the same force and effect as though more fully set forth at

length herein.

24.     Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 15

TRUST FUNDS and Plaintiff CPF, as referred to in the Collective Bargaining Agreement, along

with ERISA, Plaintiffs are entitled to an audit of the books and records of Defendant REDDAN

LAYOUT.

25.     Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case

law provides that employers are required to maintain records so that employee benefit plans may

review them to determine whether contributions are due and employers, such as Defendant

REDDAN LAYOUT, have an affirmative duty to furnish to Plaintiffs the information needed for

them to fulfill their duties.

26.     In pertinent part, the Collective Bargaining Agreement states:

> The parties further agree to be bound to all the agreements and declarations of
> trusts, amendments and regulations, thereto, referenced in the applicable
> Association Collective Bargaining Agreements and to remit all contributions as
> set forth under the applicable Association Collective Bargaining Agreements and
> all amendments, renewals and/or extensions thereto, as adopted by the aforesaid
> Association and the aforesaid Local Union or their designated trustees.

27.     In pertinent part, the Trust Agreements establishing each of Plaintiffs LOCAL 15

TRUST FUNDS state:

> The Trustees, or their authorized representatives, may examine the pertinent
> books and records of each Employer whenever such examination may be deemed
> necessary or advisable by the Trustees in connection with the proper
> administration of the Funds.

28.    In pertinent part, the Trust Agreement establishing Plaintiff CPF states:

> The Trustees may, by their respective representatives, audit and examine the
> pertinent employment and payroll records of each Employer, as described above,
> at the Employer's place of business, whenever such examination is deemed
> necessary or advisable by the Trustees in connection with the proper
> administration of the Trust Fund.

29.    Upon information and belief, Defendant REDDAN LAYOUT may have

underreported the number of employees, the amount of employee hours and wages paid to its

employees and therefore the annuity, pension, welfare and skill improvement/training

contributions together with supplemental union dues and political action committee payments

due to Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15.

30.    Although Plaintiffs formally requested the production of the books and records

from Defendant REDDAN LAYOUT in order to determine if the aforementioned annuity,

pension, welfare and skill improvement/training contributions along with supplemental union

dues and political action committee payments have been properly paid, to date, said Defendant

has refused to produce the documents and schedule an audit.  As a result thereof, Plaintiffs

demand an audit of the books and records of Defendant REDDAN LAYOUT for the period of

July 1, 2014 through January 31, 2019.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

31.    Plaintiffs repeat and reallege each and every paragraph of the Complaint

numbered 1 through 30 inclusive with the same force and effect as though more fully set forth at

length herein.

32.     Upon information and belief, Defendant REDDAN LAYOUT has failed to provide the contractually required (a) annuity, pension, welfare and skill improvement/training contributions; (b) supplemental union dues; and (c) political action committee payments for the period of July 1, 2014 through January 31, 2019 in the approximate amount of $200,000.00.

33.     Upon information and belief, Defendant REDDAN LAYOUT has failed to pay any portion of the outstanding amount owed in annuity, pension, welfare and skill improvement/ training contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

34.     Upon information and belief, Defendant REDDAN LAYOUT has failed to pay any portion of the outstanding amount owed in supplemental union dues and political action committee payments to Plaintiff LOCAL 15 with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

35.     Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant REDDAN LAYOUT, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15, collectively, in the approximate amount of $200,000.00 with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

36.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 35 inclusive with the same force and effect as though more fully set forth at length herein.

37.     Upon information and belief, the failure of Defendant REDDAN LAYOUT to remit the required annuity, pension, welfare and skill improvement/training contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period of July 1, 2014 through January 31, 2019 in the approximate amount of $200,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

38.     Upon information and belief, Defendant REDDAN LAYOUT remains delinquent in remitting the proper amount owed in annuity, pension, welfare and skill improvement/training contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

39.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; (e) auditors' fees; and (f) the costs and disbursements of the action.

40.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant REDDAN LAYOUT and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of approximately $200,000.00 (with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action), together with accumulated interest on the unpaid fringe benefit contributions, liquidated

damages, reasonable attorneys' fees, auditors' fees, along with the costs and disbursements incurred in this action, all pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO demand judgment on the First Cause of Action in the form of an Order requiring Defendant REDDAN LAYOUT INC. to submit its books and records to the designated representative of Plaintiffs for an audit in accordance with the applicable provisions of ERISA, the Trust Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS & CPF, and the Collective Bargaining Agreement for the period of July 1, 2014 through January 31, 2019.

**WHEREFORE**, Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO demand judgment on the Second Cause of Action of Defendant REDDAN LAYOUT INC. in the amount of annuity, pension, welfare and skill improvement/training contributions with interest, along with supplemental union dues and political action committee payments determined to be due and owing pursuant to the report issued subsequent to the completion of the audit demanded in the First Cause of Action.

**WHEREFORE**, Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP

SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF

OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO and CENTRAL PENSION

FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS demand judgment

on the Third Cause of Action of Defendant REDDAN LAYOUT INC. in the amount of

contributions with interest determined to be due and owing pursuant to the report issued

subsequent to the completion of the audit demanded in the First Cause of Action, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, auditor's fees, and the costs and disbursements of this action in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
February 19, 2019

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By:   James M. Steinberg, Esq.
Attorneys for Plaintiffs *I.U.O.E. Local 15 Trust Funds, CPF and I.U.O.E. Local 15*
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293